UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Isaiah Valencia and Nicolas Chae<br><br>Individually, and on behalf of all others similarly situated as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>Estuniga, Inc., Jose Zuniga and Juan Zuniga<br><br>Defendants. | Case No.: 22-cv-6049<br><br>CLASS AND COLLECTIVE ACTION<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This is a Collective and Class Action on behalf of the more than 40 individuals who currently work and/or previously worked in Defendants' large-scale and profitable men's fashion company and were not paid their lawfully owed wages.

2. Plaintiffs Isaiah Valencia and Nicolas Chae (collectively "Plaintiffs") were employed as video editors by Defendants for varying lengths of time over the past two years, during which time they were sometimes designated as "unpaid interns" and wholly uncompensated for their labor and sometimes paid a flat weekly rate regardless of the number of hours worked.

3. Plaintiffs frequently worked more than forty (40) hours in a work week but were not paid a premium rate for overtime hours.

4. The Plaintiffs, on behalf of themselves and all others similarly situated, and as class representatives, bring this action against Defendants Estuniga, Inc., Jose Zuniga and Juan Zuniga (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiffs' wages for their work.

5. Plaintiffs allege violations of the minimum wage and overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the minimum wage, overtime, and hiring and wage notice provisions of New York Labor Law Article 19 §650, *et seq.* ("NYLL"). Plaintiffs seek their earned but unpaid wages, liquidated damages pursuant to the FLSA, liquidated and statutory damages pursuant to the NYLL, and reasonable attorneys' fees, costs, and interest, as well as declaratory relief.

6. Plaintiffs bring their FLSA claims individually and on behalf of other similarly situated current and former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

7. Plaintiffs bring their NYLL claims individually and on behalf of a class of persons pursuant to Rule 23(a), 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

## II.     JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

9. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims derive from a common nucleus of operative fact and are so related to the federal claims that they form part of the same case or

controversy under Article III of the United States Constitution.

10. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

### III. THE PARTIES

11. Plaintiff Isaiah Valencia is an adult individual and resident of the State of New York, Queens County. His written consent to be a party in this action is attached hereto as Exhibit A.

12. Plaintiff Nicolas Chae is an adult individual and resident of the State of Texas. His written consent to be a party in this action is attached hereto as Exhibit B.

13. At all times relevant to this Complaint, Plaintiffs were employees of Defendants as that term is defined by

    a. the FLSA, 29 U.S.C. § 203(e) (1); and

    b. the NYLL § 190.

14. At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce, and/or were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203 *et seq*.

15. Upon information and belief, Defendant Estuniga Inc. is a Florida corporation doing business in the State of New York. Estuniga, Inc. maintains its principal place of business at 132 32nd Street Brooklyn, NY.

16. Upon information and belief, Defendant Jose Zuniga is a co-owner, President, Director and the Chief Executive Officer of Estuniga, Inc.

17. Upon information and belief, Defendant Jose Zuniga is a resident of the State of New York.

18. At all times relevant to the Complaint, Defendant Jose Zuniga had the power, and did in fact exercise such power, to hire and fire Estuniga, Inc. employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment for all Estuniga, Inc. employees, including Plaintiffs.

19. At all times relevant to the Complaint, Defendant Jose Zuniga had the power to stop any illegal pay practices at Estuniga, Inc.

20. Upon information and belief, Defendant Juan Zuniga is a co-owner, Vice-President, Director, Chief Operating Office, and Chief Financial Officer of Estuniga, Inc.

21. Upon information and belief, Defendant Juan Zuniga is a resident of the State of New York.

22. At all times relevant to the Complaint, Defendant Juan Zuniga had the power, and did in fact exercise such power, to hire and fire Estuniga, Inc. employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment for all Estuniga, Inc. employees, including Plaintiffs.

23. At all times relevant to the Complaint, Defendant Juan Zuniga had the power to stop any illegal pay practices at Estuniga, Inc.

24. At all times relevant to the Complaint, Defendants Jose Zuniga and Juan Zuniga actively managed, supervised, and directed the business affairs and operation of the Estuniga Inc. and acted directly and indirectly in relation to the employees.

25. At all times relevant to the Complaint, Defendant Estuniga, Inc. was an employer of each of the Plaintiffs as that term is defined by
    a. the FLSA, 29 U.S.C. § 203(d); and
    b. NYLL § 190.

26. At all times relevant to the Complaint, Defendant Jose Zuniga was an employer of each of

the Plaintiffs as that term is defined by

  a. the FLSA, 29 U.S.C. § 203(d); and
  b. NYLL § 190.

27. At all times relevant to the Complaint, Defendant Juan Zuniga was an employer of each of the Plaintiffs as that term is defined by

  a. the FLSA, 29 U.S.C. § 203(d); and
  b. NYLL § 190.

28. Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five (5) calendar years and individually and collectively are an enterprise engaged in commerce.

29. At all times relevant to the Complaint, Defendants functioned as a single integrated enterprise engaged in related activities for a common business purpose under common ownership and management.

## IV. STATEMENT OF FACTS

30. Defendants own and operate a men's fashion company which sells clothing, accessories and video content under several labels including ESNTLS, Jade Black, he Grooming and Teaching Men's Fashion.

31. Defendants' business originally operated from a Florida location and, on or about, 2021, Defendants established a Brooklyn, New York office.

32. Defendants initially staffed their New York office principally by recruiting young individuals to work as "unpaid interns."

33. Defendants utilized these individuals to perform a broad range of tasks including painting of studio space, customer service, administrative and logistical support for video

production, video production and editing.

34. Defendants required "unpaid interns" to work a set schedule which typically exceeded 40 hours per week.

35. Defendants paid "unpaid interns" nothing whatsoever for their labor.

36. Defendants then hired some of their "unpaid interns" who continued to perform the same tasks and work the same schedule but were paid a fixed amount bi-weekly regardless of the number of hours worked.

37. Plaintiff Isaiah Valencia was hired by Defendants as an "unpaid intern" on or about March 28, 2021.

38. Plaintiff Isaish Valencia worked for Defendants without compensation for approximately 6 months.

39. During this time period, Plaintiff Isaish Valencia typically worked from 8:30 am to 6:30 pm Monday through Friday and worked on Saturdays once per month.

40. Beginning or about September 2021, Defendants began paying Plaintiff Isaiah Valencia $1,458.33 every two weeks regardless of the number of hours he worked. On or about on January 15th 2022, this fixed bi-weekly payment was increased to $1,666.67 and in June 2022 this fixed bi-weekly payment was increased to $2,083.33.

41. During this time period, Plaintiff Isaiah Valencia typically worked Monday through Friday from 8:30 a.m. to 5:30 p.m. but frequently worked until 8:00 p.m.

42. For example, in the workweek which included the time period May 23, 2022 to May 27, 2022, Plaintiff Isaiah Valencia worked the following hours: May 23rd 8:30 a.m. -5:30 p.m., May 24th 8:30 a.m. - 5:30 p.m., May 25th 8:30 a.m. - 6:15 p.m., May 26th 8:30 a.m. -5:30 p.m., and May 27th 8:30 a.m. -6:30 p.m.

43. Plaintiff Nicolas Chae was hired by Defendants as an "unpaid intern" on or about January 2021.

44. Plaintiff Nicolas Chae worked for Defendants without compensation for approximately four months.

45. During this time period, Plaintiff Nicolas Chae typically worked from 8:30 am to 5:30 pm Monday through Friday but sometimes had to report to work as early as 6:00 am.

46. On or about May 2021, Defendants began paying Plaintiff Nicolas Chae $2,083 every two weeks regardless of the number of hours he worked.

47. Once Defendants began paying him, Plaintiff Nicolas Chae was frequently required to travel to work locations on Saturday or Sunday. At least once per week, he worked additional hours beyond his Monday through Friday 8:30 am – 5:30 pm schedule.

48. For example, during the work week that included the time period August 9, 2021 – August 13, 2021, Plaintiff Nicolas Chae worked the following hours (excluding travel time): August 9th 2021: 8:30 a.m.-5:30 p.m., Aug. 10th: 6:00 a.m.-8:30 p.m., Aug. 11th: 6:00 a.m. - 4:00 p.m., Aug. 12th: 11:00 a.m. - 5:30 p.m. and Aug. 13th: 8:30 a.m. -5:30 p.m.

49. Plaintiff Nicolas Chae separated from employment with Defendants on or about November 2021.

50. Plaintiffs routinely worked in excess of forty (40) hours per week, i.e. "overtime hours", and more than ten (10) hours in a day.

51. On all occasions when Plaintiffs worked more than ten (10) hours in a single day, Defendants failed to pay Plaintiffs for an additional hour of work as required by law.

52. At the time Plaintiffs and other workers began working for Defendants, Defendants failed to furnish them with accurate written disclosures of their legally mandated wage rates as

7

required by NYLL § 195(1).

53. Defendants never thereafter furnished Plaintiffs or other workers with accurate written disclosures as required by NYLL § 195(1).

54. Defendants failed to furnish Plaintiffs and other workers with accurate wage statements containing the information required by NYLL § 195(3).

55. Upon information and belief, during the time period of Plaintiffs' employment when they were labeled "unpaid interns" by Defendants, at least 20 other individuals were simultaneously employed by Defendants in similar capacities and were subject to the same nonpayment of lawful wages in violation of Federal and State law as described in the preceding paragraphs. The duration of employment for each individual varied and was often less than six (6) months. Plaintiffs estimate that in total more than 40 individuals were employed by Defendants in similar capacities at the same job site and subject to the same pay, hiring notice and wage statement policies during the past six (6) years.

## V.  FLSA COLLECTIVE ACTION ALLEGATIONS

56. Plaintiffs Isaiah Valencia and Nicolas Chae bring their FLSA minimum wage and overtime claims, the First and Second Causes of Action, as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of themselves and the "FLSA Collective Class" defined as:

All current and former employees who have worked for Defendants as "unpaid interns" and/or salary paid "video editors" in Defendants' Brooklyn, NY office within the three years prior to the filing of this case and the date of final judgment in this matter, or such earlier date as the Court may determine is equitable.

57. The current and former employees described above are situated similarly to Plaintiffs within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First and Second

Causes of Action herein may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA.

58. These causes of action are also maintainable as collective actions pursuant to FLSA, 29 U.S.C. §216(b) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual current and former employees which would establish incompatible standards of conduct for Defendants.

59. The names, last known addresses and cell phone numbers of the proposed Collective Action Class members are available from Defendants, and notice of and an opportunity to join this lawsuit should be provided to all potential opt-in Plaintiffs both by first class mail to their last known address and by workplace posting, as well as by other practicable means including but not limited to text messaging, as soon as possible.

## VI. FRCP RULE 23 CLASS ACTION ALLEGATIONS

60. Plaintiffs Isaiah Valencia and Nicolas Chae bring their NYLL claims, the Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, on behalf of themselves and all other similarly situated individuals (hereinafter "the NYLL Class") under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure. The NYLL Class is defined as follows:

   a. All persons who worked for one or more of the Defendants as "unpaid interns" in Defendants' Brooklyn, NY office between six (6) years prior to the filing of this case, or such earlier date as the Court may determine is equitable, and the date of final judgment in this matter (hereinafter "the Class Period").

61. The persons in the NYLL Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of

Defendants, upon information and belief, there are more than 40 members of the NYLL Class during the six (6) years prior to the filing of this lawsuit. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members. The claims of the Individual Plaintiffs are typical of the claims of the NYLL Class. The Individual Plaintiffs will fairly and adequately protect the interests of the NYLL Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

62. Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

   a. Whether each of the Defendants is an employer under the FLSA and/or the NYLL;

   b. Whether Defendants unlawfully failed and continue to fail to pay minimum wage and overtime compensation in violation of FLSA;

   c. Whether Defendants unlawfully failed and continue to fail to pay minimum wage, spread of hours and overtime compensation in violation of NYLL; and

   d. Whether Defendants failed to provide legally required hiring notices and wage statement notices, in violation of NYLL.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act Minimum Wage Violations**
**On Behalf of Plaintiffs Isaiah Valencia, Nicolas Chae and the FLSA Collective Class**

63. Plaintiffs Isaiah Valencia, Nicolas Chae, and any FLSA Collective Class members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

64. Defendants willfully failed to pay Plaintiffs Isaiah Valencia, Nicolas Chae, and FLSA Collective Class members at least the then applicable federal minimum wage for each hour worked in violation of 29 U.S.C. § 206 *et seq*.

65. Due to Defendants' FLSA violations, Plaintiffs Isaiah Valencia, Nicolas Chae, and FLSA Collective Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wage compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### SECOND CAUSE OF ACTION

**Fair Labor Standards Act Overtime Wage Violations**
**On Behalf of Plaintiffs Isaiah Valencia, Nicolas Chae, and the FLSA Collective Class**

66. Plaintiffs Isaiah Valencia, Nicolas Chae, and any FLSA Collective Class members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

67. Defendants willfully failed to pay Plaintiffs and the FLSA Collective Class members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

68. Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### THIRD CAUSE OF ACTION

**New York Labor Law – Minimum Wage**
**On Behalf of Plaintiffs Isaiah Valencia Nicolas Chae and the NYLL Class**

69. Plaintiffs Isaiah Valencia and Nicolas Chae, on behalf of the NYLL Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

70. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs Isaiah Valencia, Nicolas Chae, and NYLL Minimum Wage Class members the then applicable New York State minimum wage for each hour worked in violation of the NYLL and its regulations.

71. Due to Defendants' New York Labor Law violations, Plaintiffs Isaiah Valencia, Nicolas Chae, and NYLL Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

### FOURTH CAUSE OF ACTION

**New York Labor Law – Overtime Wage**
**On Behalf of Plaintiffs Isaiah Valencia, Nicolas Chae, and the NYLL Class**

72. Plaintiffs Isaiah Valencia, Nicolas Chae, on behalf of the NYLL Overtime Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

73. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs Isaiah Valencia,

      Nicolas Chae, and NYLL Class members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the NYLL and its regulations.

74. Due to Defendants' New York Labor Law violations, Plaintiffs Isaiah Valencia, Nicolas Chae, and NYLL Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

### FIFTH CAUSE OF ACTION

### New York Labor Law – Spread of Hours
### On Behalf of Plaintiffs Isaiah Valencia, Nicolas Chae, and the NYLL Class

75. Plaintiffs Isaiah Valencia and Nicolas Chae on behalf of the NYLL Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

76. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs Isaiah Valencia and Nicolas Chae and NYLL Class members an extra hour of pay for days on which their workday spanned more than ten (10) hours or on which they worked split shifts within seven (7) calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

77. Due to Defendants' New York Labor Law violations, Plaintiffs Isaiah Valencia and Nicolas Chae and NYLL Class members are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

### SIXTH CAUSE OF ACTION

**New York Labor Law – Wage Notice and Wage Statement**
**On Behalf of Plaintiffs Isaiah Valencia, Nicolas Chae, and NYLL Class**

78. Plaintiffs Isaiah Valencia and Nicolas Chae on behalf of themselves and the NYLL Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants failed to supply Plaintiffs and the members of the NYLL Class a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs and the members of the NYLL Class as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

80. Defendants failed to supply Plaintiffs and the members of the NYLL Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

81. Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper notice at the time of hiring from February 27, 2015 through the present,

Plaintiffs and members of the Hiring Notice Class are entitled to damages of $50 per day, up to a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

82. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from February 27, 2015 through the present, Plaintiffs and members of the Wage Statement Class are each entitled to damages of $250 per day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

83. Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(1) and (3);

84. Designate this action as a collective action on behalf of the proposed Collective Classes pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the Collective Classes apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of this Complaint until the Collective Class has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

85. Designate Plaintiffs Isaiah Valencia and Nicolas Chae as representatives of the Rule 23 Class Plaintiffs;

86. Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA;

87. Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under NYLL;

88. Declare that Defendants' violations of the FLSA and NYLL were willful;

89. Order Defendants to pay to Plaintiffs and Class Plaintiffs all minimum and overtime wages owed, consistent with the FLSA;

90. Order Defendants to pay to Plaintiffs and Class Plaintiffs all minimum wages, spread of hours pay, unlawfully deducted wages and overtime wages owed, consistent with NYLL;

91. Award Plaintiffs and Class Plaintiffs liquidated damages for all wages withheld or delayed in violation of FLSA;

92. Award Plaintiffs and Class Plaintiffs additional liquidated damages for all wages withheld, deducted or delayed in violation of NYLL;

93. Award Plaintiffs and Class Plaintiffs statutory damages for Defendants violations of the hiring and wage notice provisions of NYLL;

94. Award the named Plaintiffs additional appropriate compensation as incentive payments for their particular participation in this litigation benefitting other workers;

95. Award Plaintiffs reasonable attorneys' fees, costs and interest; and

96. Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

RESPECTFULLY SUBMITTED,

/s/ Robert McCreanor

                       Robert McCreanor, Esq.
                       Law Office of Robert D. McCreanor, P.L.L.C.
                       245 Saw Mill River Rd.
                       Suite 106
                       Hawthorne, NY 10532
                       (845) 202-1833
                       rmccreanor@wjcny.org

                       **ATTORNEYS FOR THE PLAINTIFFS**

Dated: September 29, 2022